Alexander K. Davison WSB#5-2492
Michael M. Roley WSB #8-6927
PATTON & DAVISON LLC
1920 Thomes Avenue, Suite 600
Cheyenne, Wyoming 82001
(307) 635-4111
alex@pattondavison.com
michael@pattondavison.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| ZEN CHARALAMBOUS<br><br>Plaintiff,<br><br>vs.<br><br>ELITE MINING, INC. and JUSTIN PODHOLA,<br><br>Defendants. | Case No. 1:23-cv-155 |

**ELITE MINING INC AND JUSTIN PODHOLA'S  12(b)(1) MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW, Elite Mining, Inc., a Wyoming corporation and Justin Podhola individually, ("Defendants") by and through Michael M. Roley of Patton & Davison LLC, its firm of attorneys, and moves this court to dismiss Charalambous' ("Plaintiff") Complaint pursuant to the Federal Rules of Civil Procedure(b)(1) for lack of subject matter jurisdiction. Defendants state as follows in support thereof:

I.      **BACKGROUND**

On August 30, 2023, Plaintiff initiated this civil action by filing a Complaint in Federal District Court. Defendants were subsequently served with copies of the Complaint and Summons on October 23, 2023. Within the Complaint, Plaintiff alleges several causes of action against

Defendants. Namely, Defendant claims relief for breach of contract and breach of the implied covenant of good faith and fair dealing. Alternately, Plaintiff pleads claims for unjust enrichment and for "money had and received," as well as for an accounting in the alternative. Pertinently, Plaintiff asks this Court for total damages of $83,000. *Complaint, p.6.* However, the amount in controversy from the Civil Cover sheet shows $119,500. To reach this amount, Plaintiff requests contract damages or compensatory damages, and punitive damages in the same amount of $36,500. *Id*. Similarly, Plaintiff requests attorneys fees of "at least $10,000." *Id*. Defendants would also note that Plaintiff asserts that Wyoming law should govern as the law to be applied in determining the disposition and interpretation of the contract at issue. *Complaint, ¶ 7.* As Plaintiff states in the Complaint, Washington law is listed as the choice of law provision contained within the Contract. *Id*. *See also Complaint attached Exhibit 1, ¶ 18.*

## LEGAL STANDARD OF REVIEW

The Court must determine whether it has jurisdiction before reaching the merits of a case. *Garcia Uraga v. Att'y Gen. of U.S.*, 475 F. App'x 435, 437 (3d Cir. 2012).  Federal courts are without power to enter a judgment on the merits in cases where subject-matter jurisdiction is lacking.  *Cawthorn v. Auto-Owners Ins. Co.*, 853 F. App'x 637, 638 (11th Cir. 2021).  Federal courts therefore "have an unflagging obligation to notice jurisdictional defects and to pursue them on [their] our own initiative" as they are courts of limited jurisdiction and cannot hear a case where subject matter jurisdiction does not obtain. *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 38 (1st Cir. 2016).  *See also United States v. Horn*, 29 F.3d 754, 768 (1st Cir. 1994*)* ("Parties cannot confer subject matter jurisdiction on either a trial or an appellate court by indolence, oversight, acquiescence, or consent"). Dismissal is therefore appropriate where subject matter jurisdiction does not exist. *See also, United States v. Afremov*, 611 F.3d 970, 975(8th Cir. 2010) (federal courts

are courts of limited jurisdiction and "parties may not enlarge that jurisdiction by waiver or consent") *See* F.R.C.P. 12(b)(1).

## II.     Argument

### a.  Diversity Jurisdiction and the Burden of Proof

Federal district courts are empowered to exercise jurisdiction over certain cases between citizens of different states. 28 U.S.C. § 1332(a)(1). *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). As part of its grant of authority to entertain civil actions between citizens of different states, the amount in controversy must exceed $75,000 for federal court jurisdiction to attach.  *See* 28 U.S.C. § 1332(a). *See also Swiech v. Fred Loya Ins. Co.*, 264 F. Supp. 3d 1113, 1129 (D.N.M. 2017) ("the statutory amount-in-controversy requirement, which presently stands at $75,000.00 must be satisfied as between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute). Generally, the federal court can examine the Complaint and the sufficiency of the factual allegations within it to determine if the amount in controversy has been met. *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1211 (D. Colo. 2007). A presumption exists that the amount pled by the Plaintiff is enough to permit jurisdiction under the statute.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir.2001). However, if the moving party can show to a legal certainty that the claim(s) are at an amount below the jurisdictional threshold, then dismissal of the case for a lack of jurisdiction is justified. *Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000); St. *Paul Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The amount in controversy requirement is determined at the time the complaint was filed. *Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994); *Klepper v. First American Bank,* 916 F.2d 337, 340 (6th Cir.); *Emland Builders, Inc. v. Shea,* 359 F.2d 927, 929 (10th Cir.).

In the present case, Plaintiff Charalambous has plead several claims and subsequent damages that legally fail to reach the statutory threshold for an amount in controversy above $75,000.

**b. Wyoming law does not permit punitive damages to be recovered in breach of contract cases**

Plaintiff asserts that the proper choice of law to govern the interpretation and ultimately, the enforcement of the contract is Wyoming law. *Complaint ¶ 7*. Plaintiff also brings two affirmative claims for relief based on the contract the parties entered into. The remaining causes of action are pled in the alternative, presumably if the parties' contract is found to be unenforceable or otherwise invalid. Under Wyoming law, the Supreme Court of Wyoming has clearly articulated that punitive damages are a non-starter in recovery for a breach of contract. "Punitive damages are generally not recoverable in an action upon a contract where the parties have made a written agreement between themselves setting their respective rights and obligations. *"Arnold v. Mountain W. Farm Bureau Mut. Ins. Co.,* 707 P.2d 161, 164 (Wyo. 1985) *See also United States v. Redland,* Wyo., 695 P.2d 1031 (1985) (holding that punitive damages are not allowable in breach of contract action); *Waters v. Trenckmann,* Wyo., 503 P.2d 1187 (1972) (holding that the proper remedy for breach of contract after the contract is formed is compensatory damages).

A claim for the breach of the implied covenant of good faith and fair dealing takes on a slightly different nature than an ordinary breach of an express contract. In fact, under Wyoming law, it is not mutually dependent on the breach of contract claim. *Bear Peak Res., LLC v. Peak Powder River Res., LLC,* 2017 WY 124, ¶ 68, 403 P.3d 1033, 1054 (Wyo. 2017); *Cathcart v. State Farm Mut. Auto. Ins. Co.,* 2005 WY 154, ¶ 25, 123 P.3d 579, 589 (Wyo. 2005). However, such a claim maintains its form as a contract claim in most instances and not as a tort. Wyoming law has found that it is actionable as a tort in only two specific instances. Those instances are

when a "special relationship" exists between an employer and an employee or in the insurance context. *Scherer Const., LLC v. Hedquist Const., Inc.*, 2001 WY 23, ¶ 17, 18 P.3d 645, 652 (Wyo. 2001) ("we have not extended the scope of permissible tort-based breach of the implied covenant of good faith claims beyond the insurance or employment context). *See also Cowardin v. Finnerty,* 994 P.2d 335, 339 (Wyo.1999) (refusing to allow tort recovery for consequential damages arising from a failure to pay sums due under a contract); *Bergantino v. State Farm Mut. Auto. Ins. Co.*, 2021 WY 138, ¶ 15, 500 P.3d 249, 256 (Wyo. 2021).

In the present case, there are no such allegations levied in the *Complaint* that would indicate a special relationship existed between these two contracting parties. Further, there is no indication this was an employer-employee relationship to begin with. To be sure, this is not an insurance case, either.  Because of this, the claim for the breach of the implied covenant of good faith and fair dealing is not one in which an underlying tort exists. It is based on a purely contract theory. And because of this, the long-adopted rule in Wyoming that only compensatory damages are available to the Plaintiff for a breach of contract is the dispositive rule of law.

In the *Complaint*, Plaintiff indicates that punitive damages are necessary because Wyoming is a leader in blockchain technology, and that status is undermined when its companies do not fulfill their contractual obligations. *Complaint* ¶ 35.  This may be true; however, this policy-driven argument cannot override established precedent. And that precedent is clear in what it establishes. Punitive damages are not available as a matter of law for recovery in contract-based cases under Wyoming law.

c.  **Washington law follows the same path as Wyoming in refusing to award punitive damages in contract cases**

As previously alluded to, an uncertainty exists as to what law this Court should apply in enforcing the contract at issue. The choices are Wyoming and Washington. Ultimately, the question of which law controls is immaterial. Like Wyoming, the Washington Supreme Court has taken adopted a similar stance on whether punitive damages are available for a breach of contract absent an underlying tort. The high Court in Washington has held:

> "The central objective behind the system of contract remedies is compensatory, not punitive. **Punishment of a promisor for having broken his promise has no justification on either economic or other grounds....**" *Restatement (Second) of Contracts* § 356 cmt. a (1981). *See also Restatement (Second) of Contracts* § 355 cmt. a ("courts in contract cases do not award damages to punish the party in breach or to serve as an example to others unless the conduct constituting the breach is also a tort for which punitive damages are recoverable.").

*Ford v. Trendwest Resorts, Inc.,* 146 Wash. 2d 146, 155, 43 P.3d 1223, 1227 (2002). (bold added).

By requesting an award of punitive damages, Plaintiff is asking this court to not simply compensate it for a breach of a contract, but to also punish the Defendants for having broken a promise with respect to the contract. Plaintiff indicates that "contractual obligations need to be taken seriously by participants such as Defendants in Wyoming's digital assets industry." *Complaint* at ¶ 35. In other words, this request of punitive damages seeks to make an example of Defendants for their alleged broken promises. It is clear this is not what Washington law permits. Therefore, like Wyoming law, it is a legal certainty that Plaintiff cannot recover punitive damages in this case based on what the causes of action pled.

d. **Plaintiff's contract damages are capped at $36,500 as a matter of law under either choice of law option**

Plaintiff has pled two claims for affirmative relief that are not deemed to be in the alternative. Those claims are for breach of contract and breach of the implied covenant of good faith and fair dealing. *Complaint, pgs. 3-4*. Notably, Plaintiff requests damages in an amount "no less than $36,500. *Id*. Further, Plaintiff indicates in its factual allegations that the contract price of this transaction was $138,000. *Id*. at ¶1. *See also* Plaintiff's Exhibit 1, ¶ 1.  Plaintiff further admits Defendants(s) have paid Plaintiff $101,500 to date. *Id*. at ¶ 8. Thus, it can be inferred that Plaintiff is requesting the difference between those two figures, which is $36,500, as its basis for contract theory damages. Like the question of punitive damages, the laws of both Wyoming and Washington address the issue presented in a nearly identical fashion.

First, Wyoming is clear that the goal of an award of contract damages "are intended to give the injured party the benefit of the bargain—to place the injured party in the same position he would have been if the breach had never occurred. The objective of the law is to compensate the injured party for breach, not to provide them a windfall." *Legacy Builders, LLC v. Andrews*, 2014 WY 103, ¶ 17, 335 P.3d 1063, 1068 (Wyo. 2014); see *also Madison v. Marlatt,* 619 P.2d 708, 713–14 (Wyo.1980).; *See, e.g., McCullough v. Golden Rule Ins. Co.,* 789 P.2d 855, 859 (Wyo.1990) ("Wyoming generally recognizes the benefit of the bargain damages in relation to contractual damages."); *see also* Restatement (Second) of Contracts § 347 (1981).

The overarching objective of an award of contract damages in Wyoming is to remedy the breach and treat the contract as it if it had gone off without a hitch. In the *Complaint*, Plaintiff has acknowledged a deficit on the contract of $36,500 is still owed through its pleadings. *See Complaint* generally. Plaintiff's averments to being owed an amount of "at least $36,500" fail to account for the rule adopted in *Legacy Builders*. An award of $36,500 would put the Plaintiff in the exact position it would have been had the contract been performed to fruition. The parties

bargained for Plaintiff to provide $100,000 for cloud mining services and Defendants were charged

with returning $138,000 in value to Plaintiff. *See* Exhibit 1, ¶ 1 to Plaintiff's *Complaint.* An award

greater than the bargained-for price would provide a windfall to Plaintiff above what it bargained

for. *See Madison* at 713-714. There are no pled facts or additional causes of action that suggest

otherwise.

Notably, there is no discernible difference in the amount Plaintiff believes it is entitled to

simply because two contract-theory claims have been pled. Plaintiff has offered no other theory

that gives rise to a separate recovery amount under the breach of the implied covenant of good

faith and fair dealing claim than from the breach of contract claim, or vice versa. In fact, the pled

amount is the same for both claims. Compare the *Complaint* at ¶16, ¶21. Most telling, in the

"Prayer for Relief at the conclusion of the *Complaint*, Plaintiff acknowledges as much when it

indicates a prayer for relief of "contractual damages of at least $36,500 **or** compensatory damages

of at least $36,500." *Complaint at p. 6*.  (emphasis added). Even when taken in the light most

favorable to Plaintiff, Wyoming law and the *Complaint* itself limits Plaintiff's primary remedy to

an amount of $36,500.

Additionally, Washington's rule for contract damages closely mirrors Wyoming. The

Washington Supreme Court has also adopted the "benefit of the bargain" theory of contract

damages.

> Contract damages are ordinarily based on the injured party's
> expectation interest and are intended to give that party the benefit of
> the bargain by awarding him or her a sum of money that will, to the
> extent possible, put the injured party in as good a position as that
> party would have been in had the contract been performed.

*Ford* at 1227; *See also Pierce v. Bill & Melinda Gates Found.*, 15 Wash. App. 2d 419, 440–41,

475 P.3d 1011, 1022 (2020) (general measure of damages for breach of contract is that the injured

party is entitled to recovery of damages naturally occurring from breach and to be put into same

position as if contract had been performed) quoting *Knox v. Microsoft*, 92 Wash. App. 204, 208-

09, 962 P.2d 839 (1998).

The implications of this rule lead to the same conclusion. The facts pled by Plaintiff

requesting damages from Defendants' breach is in the amount of $36,500. There are no sufficiently

pled facts or legal causes of action that would distinguish a different level of recovery than that

stemming from Defendants' failure to pay the money owed. Therefore, under Washington law, it

is a legal certainty that Plaintiff cannot recover contractual or compensatory damages above

$36,500.

### e.   Conclusion

Defendants have presented two legal arguments with respect to the amount in controversy

figure. They have asserted that 1) Plaintiff cannot recover punitive damages as a matter of law in

this case; and 2) Plaintiff has not pled sufficient facts or causes of action that would permit a

recovery beyond $36,500. In the Prayer for Relief, the cumulative amount of each of the four

figures listed is $119,500, which appears to be represented as the amount in controversy by

Plaintiff in this matter. Because of the disjunctive "or" listed in the prayer, this appears to be a

mathematical error. A computation accounting for the disjunctive would be $83,000 ($36,500 in

contract/compensatory damages + $36,500 in punitive damages + $10,000 attorney fees).

Statutory interest is excluded from the amount in controversy calculation. *See* 28 U.S.C. §

1332(a)(1) ("exclusive of interest and costs"); *Haynes v. Peters,* 403 F. Supp. 3d 1072, 1081

(D.N.M. 2019).

Based upon the foregoing arguments of Defendants and the acknowledgement in the

*Complaint's* request for relief, only a single amount of $36,500 is recoverable by Plaintiff and the

request for punitive damages should be disregarded. Thus, the actual amount in controversy appears to be $46,500 ($36,500+$10,000 in reasonable attorneys fees). Therefore, it is shown to a legal certainty that the face of Plaintiff's *Complaint* fails to meet the jurisdictional threshold for this Court under the diversity statute. *Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000). The case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**WHEREFORE**, Defendant requests this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

DATED this 9th day of November 2023.

ELITE MINING, INC. & JUSTIN
PODHOLA

By: /s/ Michael M. Roley
Michael M. Roley WSB #8-6927
Alexander K. Davison WSB#5-2492
PATTON & DAVISON LLC
1920 Thomes Avenue, Suite 600
Cheyenne, Wyoming 82001
(307) 635-4111
alex@pattondavison.com
michael@pattondavison.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2023, a true and correct copy of the

foregoing was served on the following by the indicated method:

| Robert V. Cornish, Jr.<br>LAW OFFICE OF ROBERT V. CORNISH, JR., PC<br>P.O. Box 12200<br>Jackson, WY 83001<br>rcornish@rcornishlaw.com | ☒ U.S. MAIL AND EMAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☒ E-FILE |
| --- | --- |

/s/ Michael M. Roley
PATTON & DAVISON LLC