FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 DEC -5  AM 8: 00

MARGARET BOTKINS. CLERK
CASPER

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

ZEN CHARALAMBOUS,

        Plaintiff,

        v.

ELITE MINING, INC., and JUSTIN
PODHOLA,

        Defendants.

Case No. 23-CV-155-SWS

---

## ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION

This matter comes before the Court on the Defendants' 12(b)(1) Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (ECF 8) and supporting memorandum (ECF 9). Plaintiff did not submit a response, and his time for doing so has expired. *See* Local Civil Rule 7.1(b)(2)(A). Having considered the Defendants' arguments and reviewed the record herein, the Court finds the case must be dismissed for lack of subject-matter jurisdiction.

### <u>BACKGROUND</u>

The basic factual allegations are not in dispute for purposes of this motion to dismiss; only the amount-in-controversy requirement for diversity jurisdiction is contested. Briefly, Plaintiff agreed to fund $100,000 for cryptocurrency mining services to be undertaken by Defendant Elite Mining and its CEO, Defendant Justin Podhola. (Compl. ¶¶ 5-6.) In return, Defendants would pay Plaintiff a series of monetary payments over the following six months totaling $138,000. (*Id.*) To date, however, Defendants have only paid $101,500 to Plaintiff, leaving $36,500 still owed under the contract. (*Id.* ¶ 8.)

Plaintiff asserts causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, along with alternative causes of action for unjust enrichment, "money had and received," and accounting.  (Compl. ¶¶ 12-32.)  Plaintiff seeks the following damages and relief:

a.      Contractual damages of no less than $36,500; or
b.      Compensatory damages of no less than $36,500; and
c.      Punitive damages of no less than $36,500; and
d.      Attorney's fees of at least $10,000; and
e.      Statutory interest of 7% per annum on all funds owed under the Agreement until paid; and
f.      An order for an accounting of the disposition of Plaintiff's money not yet paid and damages arising therefrom; and
g.      Other relief this Court deems just and equitable.

(Compl. pp. 6-7.)  Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1), arguing the $75,000.01 threshold for diversity jurisdiction is not satisfied here.  (ECF 8, 9.)

## STANDARD OF REVIEW

Dismissal under Fed. R. Civ. P. 12(b)(1) is warranted where a court lacks subject matter jurisdiction over the claims.  Federal courts possess limited jurisdiction and must have a statutory or constitutional basis to exercise jurisdiction over a specific action.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  The burden is on the party seeking to invoke federal jurisdiction to establish that such jurisdiction exists.  *Id.*

Plaintiff's complaint asserts this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 based on the parties' diversity.  (Compl. ¶ 4.)  Section 1332(a)(1) "requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 957 (D.N.M. 2018) (internal quotations omitted).  Here, the amount-in-controversy requirement is in dispute.  (*See* ECF 9.)

The party alleging federal jurisdiction "'must affirmatively establish jurisdiction by proving jurisdictional facts' that make it 'possible' an excess of $75,000 is 'in play.'" *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)). "Only if it is 'legally certain' that the recovery or cost of complying with judgment will be 'less than the jurisdictional floor may the case be dismissed.'" *Id.* (citing *McPhail*, 529 F.3d at 955).

## DISCUSSION

The Court will grant Defendants' motion to dismiss on both procedural and substantive grounds.

**1.      Plaintiff's failure to respond is considered a confession of the motion.**

The Court considers Plaintiff's failure to submit a response within the time limit as a confession to the merits of the motion. *See* Local Civil Rule 7.1(b)(2)(A) ("The Court may, in its discretion, consider the failure of a responding party to file a timely response as a confession of the motion."). Plaintiff is represented by counsel and has not provided any reason or basis for the failure to file a response. Therefore, the motion to dismiss is granted on procedural grounds as unopposed.

**2.      Punitive damages are not available on Plaintiff's contract-based claims.**

In the complaint, Plaintiff notes the parties' contract includes a choice-of-law provision applying Washington law, but Plaintiff contends the provision should be held invalid and Wyoming law should apply. (Compl. ¶ 7.) Applying the substantive law of either state, though, results in the dismissal of this lawsuit for lack of diversity jurisdiction.

Plaintiff's complaint seeks punitive damages on his contract claims. Specifically, the complaint avers:

Wyoming's stature as America's leader in the blockchain arena is threatened when cryptocurrency mining companies do not honor their contractual obligations, no matter what law applies to its market participants. Contractual obligations need to be taken seriously by participants such as Defendants in Wyoming's digital assets industry. As such, Plaintiff requests a punitive damage award of no less than $36,500.

(Compl. ¶ 35.)

Defendants correctly assert neither Wyoming nor Washington endorse punitive damages for contract claims as a general matter.[1] And Plaintiff's complaint does not allege a basis that might support recovering punitive damages on his contract-based claims, such as willful and wanton misconduct preceding the formation of the contract. Plaintiff's entire basis for seeking punitive damages, that Defendants should be punished for breaching their contractual obligations, is at odds with Wyoming and Washington's substantive law. Accordingly, it is legally certain that Plaintiff's demand for punitive damages must be ignored when calculating the amount in controversy.

Absent the demand for punitive damages, Plaintiff seeks $36,500 in contract/compensatory damages for the unpaid amount owed under the parties' agreement and at least $10,000 in reasonable attorney fees. This is still nearly $30,000 short of satisfying the amount-in-controversy

---

[1] *See Arnold v. Mountain W. Farm Bureau Mut. Ins. Co.*, 707 P.2d 161, 164 (Wyo. 1985) ("Punitive damages are generally not recoverable in an action upon a contract where the parties have made a written agreement between themselves setting their respective rights and obligations. Punitive damages may be recoverable in an action in tort if the conduct constituting the breach rises to the level of an independent tort, but that claim is not here presented nor is it decided by us."); *U.S. Through Farmers Home Admin. v. Redland*, 695 P.2d 1031, 1039 (Wyo. 1985) (to recover punitive damages in an action upon a contract under Wyoming substantive law, "there must be evidence of spite, ill will or willful and wanton misconduct at the inception of a fraudulent contract" and the sole remedy for wrongful acts occurring after the formation of the contract "would be compensatory damages for breach of contract"); *Ford v. Trendwest Resorts, Inc.*, 155, 43 P.3d 1223, 1227 (Wash. 2002) ("The central objective behind the system of contract remedies is compensatory, not punitive. Punishment of a promisor having broken his promise has no justification on either economic or other grounds....") (quoting *Restatement (Second) of Contracts* § 356 cmt. a (1981)); *Mason v. Mortg. Am., Inc.*, 792 P.2d 142, 146 (Wash. 1990) ("Contract damages are ordinarily based on the injured party's expectation interest and are intended to give that party the benefit of the bargain by awarding him or her a sum of money that will, to the extent possible, put the injured party in as good a position as that party would have been in had the contract been performed.").

requirement for diversity jurisdiction under § 1332.  Even giving Plaintiff the benefit of the doubt and assuming his attorney fees would exceed $10,000 on a $36,500 contract claim, the amount in controversy still falls well short of the $75,000.01 threshold.  The Court finds it is not possible that more than $75,000 is in play in this case.  Consequently, the Court lacks federal subject-matter jurisdiction over this lawsuit.

## CONCLUSION

Plaintiff has confessed the validity of Defendants' motion to dismiss by failing to oppose it.  Additionally, under both Wyoming and Washington law, Plaintiff may not recover punitive damages connected to his contract-based claims.  Therefore, it is legally certain that his potential recovery in this matter will be less than the $75,000.01 jurisdictional floor required by § 1332.

**IT IS THEREFORE ORDERED** that Defendants' 12(b)(1) Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (ECF 8) is **GRANTED**.  This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  The Clerk of Court will please enter a general judgment in Defendants' favor and close this case.

**DATED**: December ___4___, 2023.

Scott W. Skavdahl
United States District Judge